UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DOUGLAS MAY and ANGELO
MASSARO, in their capacity as
Employer Trustees of the Laborers
Local 91 Pension Fund and Welfare
Fund, and JAMES PANEPINTO, in his
capacity as putative Employer Trustee
of the Laborers Local 91 Pension Fund
and Welfare Fund,

   Plaintiffs,

  v.

RICHARD PALLADINO, MARIO
NERI, and RANDY PALLADINO, in
their capacity as Union Trustees of the
Laborers' Local 91 Pension Fund and
Welfare Fund,

   Defendants.

19-cv-890-JLS-HKS

---

## **DECISION AND ORDER**

  The issue before the Court[1] is whether a purported amendment to Trust Agreements required a unanimous vote. Because the Court concludes that it did, for the reasons explained below, the Court grants summary judgment to Plaintiffs. Plaintiffs' motion for a preliminary injunction is denied as moot. The Court denies Plaintiffs' request for attorney's fees and costs against Defendants, without prejudice to their ability to seek the same from the Trust Funds.

---

[1] The Honorable William M. Skretny was originally assigned to this case. Following an Order of Recusal on March 11, 2020, this case was reassigned to the undersigned on March 13, 2020. Dkts. 29, 32.

I. **Background**

The Laborers International Union Fund of North America, Local Union No. 91 Pension Fund, and the Laborers International Union Fund of North America, Local Union No. 91 Welfare Fund, ("the Funds"), are multi-employer plans within the meaning of Section 3(37) of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. § 1002(37).  *See* Dkt. 24-1, at ¶¶ 1, 3; *see also* Dkt. 28, at ¶¶ 1, 3.  The Funds' governing documents are the Pension Fund Restated Agreement and Declaration of Trust and the Welfare Fund Restated Agreement and Declaration of Trust ("Trust Agreements").  *See* Dkt. 24-1, at ¶¶ 16-17; *see also* Dkt. 28, at ¶¶ 16-17; Dkt. 28-8.

As relevant here, Article III, Section 3 of both Trust Agreements governs the appointment and removal of Trustees.  Dkt. 28-8, at 6, 29.  And Article X, Section 1 of both Trust Agreements provides that any amendment that "would change (i) the total number of Trustees, or (ii) the manner in which Trustees are appointed as required in Article III, Section 3 . . . will require a unanimous vote."  Dkt. 28-8 at 21, 44.

On January 9, 2019, several members of the Funds' Boards of Trustees voted to amend the Trust Agreements.  *See, e.g.*, Dkt. 24-1, § V; Dkt. 28-7.  The amendment added certain requirements to the Trust Agreements.[2]  For example, it requires each Union Trustee to have made "contributions on his/her behalf to the

---

[2] The amendment to the Pension Fund Agreement is identical to the amendment to the Welfare Trust Agreement.  *See* Dkt. 28-7; *see also* Dkt. 24-15 at n.1.

2

Laborers' Local No. 91 Pension Fund for at least ten (10) years." *See* Dkt. 28-7; *see also* 28-15, at 7. In addition, it requires that each Employer Trustee "be the owner, officer or employee of a contractor that is a signatory to Laborers' Local No. 91 with headquarters located within the geographical jurisdiction of Local 91 and have contributed to the Pension Fund for the previous consecutive five (5) years." *Id*. Further, in what the Defendants describe as the "petition provision" (*see, e.g.*, Dkt. 28-15, at 7, 10), the amendment provides that a Trustee nominee who did not meet these and other qualifications could "petition the existing Board of Trustees and be seated as a new Trustee only by unanimous vote." *See* Dkt. 28-7. A group of Trustees purported to pass the amendment without unanimous support. *See id.*; *see also* Dkt. 24-1, at ¶¶ 39, 42; Dkt. 28, at ¶¶ 39, 42.

Plaintiffs Douglas May, Angelo Massaro, and James Panepinto filed a Complaint on July 5, 2019 (Dkt. 1) and an Amended Complaint on October 31, 2019 (Dkt. 15). They allege breach of fiduciary duties and prohibited transactions by Defendants Richard Palladino, Mario Neri, and Randy Palladino—the Union Trustees of the Funds (*see* Dkt. 24-1, at ¶ 11; *see also* Dkt. 28, at ¶ 11)—in violation of Sections 404, 406, and 502 of ERISA, 29 U.S.C. §§ 1101 *et seq.*, and Section 302(c)(5) of the Labor Management Relations Act, 29 U.S.C. § 186(c)(5). Dkt. 15. On February 10, 2020, Plaintiffs moved for a preliminary injunction and, in the alternative, for summary judgment. Dkt. 24. Defendants responded. Dkt. 28.

On March 26, 2020, after studying the pleadings (Dkts. 15, 16) and the parties' submissions on Plaintiffs' Motion for Preliminary Injunction and, in the

3

Alternative, for Summary Judgment (Dkts. 24, 25, 28, and 34), the Court narrowed the myriad of arguments raised by the parties to this central issue: whether the amendment—which added to existing, subjective qualifications, several objective qualifications as well as a provision that the existing trustees could essentially waive any qualifications—changes "the manner" in which trustees "are appointed" in Article III, Section 3 of the Trust Agreements. *See* Dkt. 35; *see also* Dkt. 28-7. The Court concluded that, by adding new, objective qualifications and a procedure to police them, the purported amendment indeed changes the manner of trustee appointment and, thus, required unanimous support under Article X, Section 1 of the Trust Agreements. Dkt. 35. The Court, therefore, indicated its inclination to rule for the Plaintiffs on this issue as a matter of law. *Id.*

In light of this intention, the Court requested supplemental briefing addressing whether the parties would benefit from further mediation or a settlement conference, whether a preliminary injunction is necessary, and the most straightforward approach for the Court to take to resolve Plaintiffs' summary judgment motion. Dkt. 35. The Court did not address attorney's fees.

## II. Supplemental Briefing

Plaintiffs filed supplemental briefing on April 6, 2020, in the form of a letter to the Court. Dkt. 36. They indicate that mediation is unnecessary; that, to the extent the Court is prepared to rule on the merits of Plaintiffs' summary judgment motion, the request for a preliminary injunction is moot; and that "granting partial summary judgment on the First Claim" in the Amended Complaint—Breach of

4

Fiduciary Duties in violation of 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D)—"resolves the core issue in this litigation" and eliminates the need for the Court to reach the merits of their additional claims. Dkt. 36. Plaintiffs also state that the "only remaining issue" is "the amount of attorney's fees and costs to be awarded to plaintiffs pursuant to 29 U.S.C. § 1132(g)." *Id*. They request ten days to "negotiate with defendants' counsel regarding reimbursement of plaintiffs' fees and costs." *Id*.

Defendants responded on April 13, 2020. Dkt. 37. They maintain that the amendment does not alter the manner of appointment and that a preliminary injunction is unwarranted. They also state that the parties would not benefit from mediation or settlement conferences. *Id*.

As an alternative to summary judgment, Defendants suggest that the Court "invalidate only, what [they] have termed, the 'petition provision,' and not the qualifications provisions of the subject amendment." Dkt. 37; *see also* Dkt. 28-15, at 19. If the Court is not inclined to do so, Defendants argue, then the most straightforward approach is for the Court to issue an Order, thereby permitting Defendants to exercise their appeal rights. Dkt. 37.

Defendants also oppose Plaintiffs' request for attorney's fees and costs. They argue that 29 U.S.C. § 1132 is inapplicable, as Defendants were "not acting as fiduciaries when amending the plans when the amendment did not financially impact the fund"; that, even assuming the applicability of § 1132, awards of attorney's fees are at the Court's discretion; and that the Trust Agreements control the issue of attorney's fees. Dkt. 37.

5

### III. Summary Judgment

Summary judgment is warranted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will . . . preclude the entry of summary judgment." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, courts "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *See Lederman v. New York City Dep't of Parks and Recreation*, 731 F.3d 199, 202 (2d Cir. 2013) (quotation marks and alterations omitted).

Plaintiffs are entitled to summary judgment under the First Claim in their Amended Complaint, for Breach of Fiduciary Duties in violation of Section 404(a)(1)(D) of ERISA, 29 U.S.C. 1104(a)(1)(D), as discussed below.[3] Dkt. 15, at 11-13.

---

[3] Plaintiffs advance multiple theories for breach of fiduciary duty in their First Claim. Because the Court concludes that Defendants breached their fiduciary duties by passing the amendment without unanimous vote, the Court need not decide whether the other theories constitute a breach of fiduciary duty. *See* Dkt. 15 at 12 ¶¶ 53-54 (alleging Defendants breached their fiduciary duties by "undermining the right of the [Employer Groups] to appoint a trustee of their choosing" and by failing to "recognize the individual appointed by the [Council of Utility Contractors, Inc.] as its trustee"). These theories were also advanced in Plaintiffs' Second Claim—which, Plaintiffs admit, "there is no need for the Court to reach" in light of this Decision. Dkt. 36; *see also* Dkt. 15 at 13-14 ¶¶ 59, 63. The Court similarly denies Plaintiffs' request for an injunction directing Defendants to "seat the Council's duly appointed Trustee on the Funds, James Panepinto, allow

The Court adheres to its initial analysis set forth above.  The purported amendment is invalid.

As relevant here, ERISA requires that "[e]very employee benefit plan . . . provide a procedure for amending such plan."  29 U.S.C. § 1102(b)(3).  It further requires fiduciaries to act "in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of [ERISA]."  29 U.S.C. § 1104(a)(1)(D).  Courts interpreting ERISA documents "giv[e] terms their plain meanings."  *See Fay v. Oxford Health Plan*, 287 F.3d 96, 104 (2d Cir. 2002) (citing *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 148 (2d Cir. 1993) ("Where the [contract] language is plain and unambiguous, a court may construe the contract and grant summary judgment.")).

Defendants, as the Funds' Union Trustees, owe a fiduciary duty to the participants and beneficiaries of the Union.  *See* 29 U.S.C. § 1002(21)(A); *see also* Dkt. 24-1, at ¶¶ 11, 13; Dkt. 28, at ¶¶ 11, 13.  They were therefore required, under 29 U.S.C. § 1104(a)(1)(D), to act in accordance with the Trust Agreements, which are the Funds' governing documents.  *See* Dkt. 24-1, at ¶¶ 16-17; *see also* Dkt. 28, at ¶¶ 16-17.

The Trust Agreements, by their plain and unambiguous terms, require unanimity to amend the manner of Trustee appointment.  Article X, Section 1 of the Trust Agreements provides that "a decision of the Board of Trustees that would

---

him to attend and fully participate in meetings of the Trustees, and provide him all documentation necessary for the administration of the Funds."  Dkt. 15, at 13 ¶ 56.

7

change . . . the manner in which Trustees are appointed as required in Article III, Section 3 . . . will require a unanimous vote." Dkt. 28-8, at 21, 44.

The purported amendment does, in fact, "change" the "manner" of Trustee appointment. As discussed above, the amendment requires an appointed Union Trustee to have contributed to the Pension Fund for at least ten years. It also requires that an appointed Employer Trustee be the owner, officer, or employee of an Employer, headquartered in Niagara County, that has contributed to the Pension Fund for the five prior consecutive years. These new, objective conditions to the Trust Agreements, and the policing procedure by which a non-qualifying nominee can petition the Board of Trustees to be seated as a new Trustee by unanimous vote, are intertwined with the appointment process. Notably, too, the new conditions are listed after a description that "[o]ne Employer Trustee *will be appointed . . . in the following manner*: . . ." Dkt. 28-7 (emphasis added). Giving the terms of the Trust Agreement their plain meanings, and considering the context in which they appear, the Court concludes that the amendment changes how Trustees are appointed and, therefore, requires a unanimous vote by the Trustees.

Defendants were required by statute to follow the unambiguous directive in the Trust Agreements that amendment to the manner of appointment must be approved unanimously. They failed to get a unanimous vote, in breach of their fiduciary duties. The Court therefore grants summary judgment to Plaintiffs on this issue; the amendment is invalid. *See, e.g., Int'l Union of Bricklayers & Allied Craftsman v. Gallante*, 912 F. Supp. 695, 701-03 (S.D.N.Y. 1996) (granting

summary judgment to defendants where plaintiffs sought a declaratory judgment that the Board of Trustees was composed of eight members and an injunction compelling defendants to accept certain individuals as trustees, since the alleged oral agreement creating an eight-member Board "failed to follow the amendment procedures clearly outlined in the trust agreements").

Defendants argue that, rather than invalidating the amendment, the Court should strike only the "petition provision," which allows a non-qualifying Trustee nominee to petition the Board of Trustees and be seated as a new Trustee by unanimous vote.  *See* Dkt. 28-15, at 19; *see also* Dkt. 37.  But this policing procedure, like the other requirements included in the amendment, reflects a change in the manner of appointment.  It, too, required unanimity.

Because summary judgment is granted to Plaintiffs as set forth above, the request for a preliminary injunction is moot.  *See, e.g.*, *Justiana v. Niagara Cnty. Dep't of Health*, 45 F. Supp. 2d 236, 241 (W.D.N.Y. 1999) ("[T]he Court will decide the parties' motions for summary judgment rather than the plaintiffs' motion for preliminary injunction, which by virtue of this decision is moot.").

### IV.   Attorney's Fees and Costs

In light of the Court's summary judgment ruling, the "only remaining issue in this litigation is," according to Plaintiffs, the "amount of attorney's fees and costs to be awarded to plaintiffs pursuant to 29 U.S.C. § 1132(g)."  Dkt. 36.

The Court has discretion on this issue.  Indeed, 29 U.S.C. § 1132(g)(1) provides that, "[i]n any action under this subchapter . . . by a participant,

9

beneficiary, or fiduciary"—other than an action described in Section 1132(g)(2), which is inapplicable—the Court "in its discretion may allow a reasonable attorney's fee and costs of action to either party." *See also* Dkt. 15, at 13 ¶ 57 (requesting costs and attorney's fees under 29 U.S.C. § 1132(g)(1)).  Here, because Defendants' arguments on the merits were colorable and nonfrivolous, the Court denies Plaintiffs' request for an award of attorney's fees and costs against Defendants, without prejudice to their ability to seek the same from the Trust Funds.

## V. Conclusion

Plaintiffs' Motion for Preliminary Injunction and, in the Alternative, for Summary Judgment (Dkt. 24) is granted in part and denied in part. Plaintiffs are granted summary judgment on their First Claim for Breach of Fiduciary Duties in violation of Section 404(a)(1)(D) of ERISA, 29 U.S.C. § 1104(a)(1)(D) (Dkt. 15), as discussed above. Plaintiffs' application for a preliminary injunction is denied as moot. Plaintiffs' request for attorney's fees and costs is denied, without prejudice to their ability to seek the same from the Trust Funds. Further, Plaintiffs' Motion to Compel Discovery and Enforce Subpoena (Dkt. 22) is denied as moot. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated:   May 13, 2020
         Buffalo, New York

                                                   s/John L. Sinatra, Jr.
                                                  JOHN L. SINATRA, JR.
                                                  UNITED STATES DISTRICT JUDGE